Curia, per Savage, Ch. J.
I am inclined to think the judge was right. The testimony of the plaintiff’s witness showed the existence of the deed ; and the bond, also being ' the plaintiff’s evidence, showed the title out of the lessors of the plaintiff.
It is said Jackson was but the trustee of Loop, and had not such a title as a stranger can set up. Whether the defendant was an intruder, or claiming title, does not appear. No evidence was produced by him. He had no opportunity of ^showing how he possessed, or under what claim, as the judge nonsuited the plaintiff.
But the question is not whether this is such an outstanding title as the defendant could set up for himself, to show his own right; but whether the plaintiff himself had not shown the fee out of his lessors. If Jackson was a trustee, still, at law, the legal estate must prevail, which is in the trustee.
The strongest ground for the plaintiff is, that Jackson being long since dead, and 30 years having elapsed since the deed to him, an extinguishment of the trust by a re-conveyance should be presumed. But can this be ? If such re-conveyance had been made, probably the bond produced would have been cancelled. Its existence rebuts the idea of a re-conveyance, if it could otherwise prevail.
1 think the nonsuit was right, and should not be set aside.
Motion denied.