PHILIP C. K. BARTLETT, EXECUTOR, AND EMILIE P. BARTLETT, EXECUTRIX, ESTATE OF HERSCHEL BARTLETT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23581.   Promulgated May 13, 1929.

*W. E. Barton, Esq.*, and *W. T. S. Curtis, Esq.*, for the petitioners. *E. C. Lake, Esq.*, for the respondent.

512

OPINION.

SIEFKIN: Herschel Bartlett filed his income-tax return for the year 1920 on March 15, 1921. The notice of deficiency in tax for the year 1920 was mailed by respondent on December 9, 1926. On or about December 5, 1925, P. C. K. Bartlett, one of the executors of the estate of Herschel Bartlett, executed on behalf of the estate

an instrument in writing purporting to extend the time for making assessment of the 1920 taxes to December 31, 1926.

The petitioner contends that since no order was issued by the county probate court authorizing or ratifying this action of P. C. K. Bartlett, and that since, in fact, the law of Missouri prohibits an executor from so binding an estate, the instrument executed by Bartlett is invalid as a waiver of the statute of limitations.

However, we have heretofore held, in *Estate of John F. Dodge*, 13 B. T. A. 201, that a waiver of the time prescribed by law for the assessment of Federal income and profits taxes executed by an administrator pursuant to the provisions of the Federal laws is not rendered invalid by provisions of state laws or the decision of state courts prohibiting executors or administrators from waiving the running of the statute of limitations as to the claims against the estate.

We now turn to a consideration of the contention of the petitioner that the purported waiver is not binding upon the estate, since only one of the executors signed it.

In the case of *Wintermute* v. *Redington*, Fed. Cases No. 17896, decided by the District Court of the Northern District of Ohio, the court had under consideration the question of whether an assignment of a patent by one of two administrators passed title. In holding that such assignment did transfer title the court said:

Administrators of an estate are not, properly speaking, trustees in whom is vested the legal title. The law clothes them with certain powers, by which they are enabled to transmit the legal title of property. They are mere instruments of the law, and the effect is given to their acts upon the same principle that title to property is transferred by the official act of a sheriff or marshall; and it is well settled, that if a man appoint several executors, they are esteemed in law but as one person representing the testator. Acts done by one of them, which relate to the delivery, gift, sale, or release of the testator's goods or personal property, are deemed the acts of all. The same rule obtains with reference to the acts of administrators. *Wheeler* v. *Wheeler*, 9 Cow. 35. I am unable to see any force in the objection made to the assignment of McKelvy.

See also *Boudereau* v. *Montgomery*, 4 Wash. C. C. 186; 3 Fed. Cases 1694, in which the Circuit Court of Appeals, District of Pennsylvania, stated:

* * * The executors or administrators of the deceased are considered in law as but one person, representing the testator; and the acts done by any one of them, which relate to the estate of their testator or intestates, are deemed the acts of all, inasmuch as they have a joint and entire authority over the whole. Godol, 134; Rolle, Abr. 924; 2 Ves. Jr. 265; Shep. Touch. 484, 485. A release of a debt, or judgment confessed by one executor, binds his companions. 1 Dyer, p. 23, pl. 146.

It is our opinion that the instrument executed by P. C. K. Bartlett constitutes a consent in writing to a later assessment of the taxes of the estate for the year 1920 and is binding upon the estate. By its terms, this consent extended the time within which assessment might be made to December 31, 1926, and since the deficiency letter was mailed on December 9, 1926, assessment of taxes for the year 1920 is not barred by the statute of limitations.

The petitioners attempt to show that the dividend paid by the Bartlett Brothers Investment Co. on April 19, 1920, of which the decedent, Bartlett, received $116,460.38, was paid out of earnings accumulated prior to March 1, 1913, and is, therefore, not taxable. As grounds for such contention petitioners contend that the depreciation sustained between March 1, 1913, and April 19, 1920, offset the earnings during that period.

The petitioners have shown that during the period March 1, 1913, to April 19, 1920, the Bartlett Brothers Investment Co. charged off no amount for depreciation upon improvements on real estate, nor was any deduction therefor taken in any of the income-tax returns of that company during the period. They have proved the kind, quantity and value of the real estate improvements owned by the Bartlett Brothers Investment Co. on March 1, 1913, as well as the value of property acquired later and the improvements made since March 1, 1913. They also attempt to show that depreciation in the amount of $96,903.86 was sustained from March 1, 1913, to April 19, 1920. Exhibits submitted in evidence set forth the amounts which the petitioners claim should be allowed for depreciation. These show that a rate of 2½ per cent was used in calculating depreciation on brick buildings and that a rate of 3 per cent was used in the case of frame buildings. The only evidence with regard to the amount of depreciation sustained was furnished by an accountant who prepared one of the exhibits. He testified that such exhibit, in his opinion, sets forth the true amount of depreciation sustained over the period. However, the record does not disclose that he was qualified to judge the length of life of various types of buildings and we can not accept his conclusion that the amount shown in the exhibit truly represents the depreciation sustained.

Since we have been furnished no evidence as to the length of life of the properties in question, we are unable to determine the amount of depreciation sustained and no deduction may be allowed therefor.

From the evidence in the case we are unable to determine the amount of earnings between March 1, 1913, and April 19, 1920, which were available for distribution as a dividend on the latter date, and we must accept the figure used by the respondent, $81,777.81.

The respondent has concluded that, since Bartlett owned one-third of the stock of the Bartlett Brothers Investment Co., he received a

taxable dividend of one-third of $81,777.81. However, the evidence discloses that of the total dividend of $527,281.15 distributed on April 19, 1920, Bartlett received $116,460.38. We must hold that that part of the $81,777.81 which bears the same ratio to the full amount of $81,777.81, as $116,460.38 bears to $527,281.15, was paid to petitioner as a dividend out of earnings accumulated after March 1, 1913, and is taxable.

*Judgment will be entered under Rule 50.*