JAMES S. DARCY, ARCHIBALD B. GWATHMEY, JR., ARCHIBALD B. GWATHMEY, 2ND, AND GAINES GWATHMEY, EXECUTORS, ESTATE OF JAMES TEMPLE GWATHMEY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47604. Promulgated August 17, 1932.

(841)

*Allen G. Gartner, Esq.*, for the petitioners.
*Allin Pearce, Esq.*, for the respondent.

844

OPINION.

VAN FOSSAN : The first question for determination is whether or not the respondent properly included in decedent's income for the period commencing January 1, 1924, and ending on the date of his death, namely, June 11, 1924, a prorated share of the net income of the partnership for its fiscal year ended August 31, 1924.

The applicable statute is section 218 (a) of the Revenue Act of 1924, which reads as follows:

Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the taxable year upon the basis of which the partner's net income is computed.

The decedent had used the calendar year for reporting his income on the basis of cash receipts and disbursements. The executors continued the same manner and method used by decedent. The partnership of George H. McFadden & Bro., of which the decedent was a member, filed its income-tax return on the basis of a fiscal year ending on August 31. In his return for the calendar year 1923 the decedent had reported his distributive share of the net income of the partnership for its fiscal year ended August 31, 1923. The petitioners contend that no part of the net income of the partnership for its fiscal year ended August 31, 1924, is taxable as decedent's income for the period from January 1, 1924, to the date of his death, namely, June 11, 1924, except the amount of his withdrawal during the year 1924 before his death.

The petitioners rely on *DeRoy et al., Exec.*, 19 B. T. A. 452. Louis J. DeRoy, the decedent in that proceeding, was at the time of his

death a member of a partnership reporting its income on the basis of a fiscal year ending January 31, in each year. DeRoy died October 7, 1924. He had used the calendar year in reporting his income on the basis of cash receipts and disbursements. His executors filed an income-tax return covering the period from January 1, 1924, to October 7, 1924, and included therein the decedent's distributive share of the partnership income for the fiscal year ending in 1924, namely, the fiscal year ending January 31, 1924. The Commissioner added to the amount returned by the executors an amount representing the decedent's distributive share of the income of the partnership for the period beginning February 1, 1924, and ending October 7, 1924. This later period was a portion of the partnership's fiscal year ending January 31, 1925. Therefore, the latter fiscal year did not end within the decedent's taxable year, namely, the calendar year 1924, and was not within the statutory inclusion. In the *DeRoy* proceeding we said: "The death of the partner did not terminate or shorten the accounting period of the partnership ending in the taxable year before us." We, therefore, held in accordance with the statute that only the decedent's distributive share of the partnership's net income for its fiscal year ending during the decedent's taxable year 1924 was taxable to him. We discussed a similar question in *Archbald et al., Exec.*, 4 B. T. A. 483, where the decedent was on a calendar year basis and the partnership on a fiscal year basis. In that proceeding the Board held, as we said in *Davison, Exec.*, 20 B. T. A. 856 (aff'd., 54 Fed. (2d) 1077), that, "since the accounting period of the partnership for the year in which the partner died did not end until after the close of the calendar year for which a return was required to be filed for the decedent for the year of his death, no share of the profits of the partnership which were determined after the calendar year for which the decedent's return was required to be filed should be included in such return." In the present proceeding the fiscal year of the partnership ending August 31, 1924, ended during the taxable year in which the decedent died and the respondent included in the decedent's income for the portion of 1924 during which he was alive only a prorated distributive share of a fiscal year ending in 1924. It is clear, therefore, that the facts of the present proceeding distinguish it from the *DeRoy* case and also from the *Archbald* proceeding.

In *Goldman et al., Exec.*, 15 B. T. A. 1341, the decedent used the calendar year for his return of income and the partnership involved in that proceeding also made its returns on the basis of the calendar year. The same conditions existed in *Davison, Exec., supra.* In each of these cases we held that there should be included in the income of the decedent for the calendar year in which he died his distributive share of the net income of the partnership allocated

from the 1st day of January of that year to the date of his death. We see no reason why the principles enunciated in these cases should not be applied to the present proceeding. In this proceeding, while the partnership's accounting period was different from that of the decedent, its current accounting period closed on August 31, in the decedent's taxable year 1924, which was the year of the decedent's death.

The statute provides that a partner's distributive share in the net income of the partnership, whether distributed or not, is taxable to him as income. In our opinion the decedent's share of the net income of the partnership for the fiscal year ending August 31, 1924, apportioned as of the day of his death was his income. *Goldman et al., Exec., supra.* Such apportioned share was not the income of his estate. *Nichols* v. *United States*, 64 Ct. Cls. 241; certiorari denied, 277 U. S. 584. The fact that under the partnership agreement the business of the partnership was to be carried on up to August 31, 1924, and the decedent's interest therein was to be continued until the end of that accounting period does not mean that upon the ascertainment of the profits of the business for such fiscal year a part thereof may not be attributed properly to the period of the calendar year 1924 when the decedent was alive. Even though such share might not be distributed until after August 31, 1924, it was nevertheless distributable during the calendar year of the decedent's death for which a return was required to be filed on his behalf. We are further of the opinion that these conclusions are consistent with the principles underlying our decisions in *Archbald et al., Exec., supra,* and *DeRoy et al., Exec., supra.*

The petitioners have not attempted to prove that the respondent's method of prorating the decedent's distributive share of the income of the partnership is incorrect. We therefore do not disturb the respondent's determination of the amount of the deficiency.

The second question for solution is whether or not the assessment of the deficiency is barred by the statute of limitations. The return for the period January 1 to June 11, 1924, inclusive, was filed on behalf of the decedent on March 16, 1925. Therefore, the four-year period of limitation upon the assessment of the deficiency would have expired on March 16, 1929, unless the waiver set forth in the findings of fact is valid. The petitioners contend that the waiver is invalid for the reason that it was signed by only one of the four executors, and for the further reason that none of the executors had ever given notice to the respondent pursuant to the provisions of section 281 of the Revenue Act of 1926 and section 312 of the Revenue Act of 1928 that they were acting individually or collectively in a fiduciary capacity for the decedent or for his estate.

Section 281 of the Revenue Act of 1926 and section 312 of the Revenue Act of 1928 are substantially similar in their provisions. Section 281 of the Revenue Act of 1926 provides in part as follows:

(a) Upon notice to the Commissioner that any person is acting in a fiduciary capacity such fiduciary shall assume the powers, rights, duties, and privileges of the taxpayer in respect of a tax imposed by this title or by prior income, excess-profits, or war-profits tax Act (except as otherwise specifically provided and except that the tax shall be collected from the estate of the taxpayer), until notice is given that the fiduciary capacity has terminated.

\* \* \* \* \* \* \*

(d) In the absence of any notice to the Commissioner under subdivision (a) or (b), notice under this title of a deficiency or other liability, if mailed to the taxpayer or other person subject to liability at his last known address, shall be sufficient for the purposes of this title even if such taxpayer or other person is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

The purpose of the section is shown clearly by the report of the Senate Committee on Finance concerning the Internal Revenue Bill of 1926. (Rept. No. 52, 69th Cong., 1st sess., p. 30.) This report states as follows with reference to section 281:

Section 281: The term "fiduciary" is defined in section 200(b) to mean a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person. The right of the commissioner to assess and distrain and otherwise proceed for the collection of tax depends, for instance, upon giving notice of the deficiency to and making demand upon the proper person. It, therefore, becomes necessary to make certain that there shall be some individual to whom the notice may be mailed and upon whom the demand may be made, in the case of, for example, an incompetent, a decedent's estate, or an estate in the hands of a receiver or trustee in bankruptcy.

To accomplish this purpose, the section provides that if the Commissioner of Internal Revenue has been notified as to the identity of the fiduciary, notice is to be mailed to and demand made on the fiduciary. In case the Commissioner has not been notified of the fiduciary, notice is to be mailed to and demand made on the taxpayer at his last known address. In case of a change of fiduciary, notice is to be mailed to and demand made on the last fiduciary of whom the Commissioner has been notified. \* \* \*

It is evident from the foregoing quotation and from examination of the section itself that the purpose of section 281 is to facilitate the accomplishment of matters connected with the administration of the internal revenue acts. Its intendment is to provide means by which notices required to be mailed by the Commissioner may be directed to the proper person at the proper address in cases where fiduciaries have been appointed. The intent of the section is beneficial to estates entrusted to fiduciaries. For example, if a deficiency in the tax of an incompetent had been determined by the Commissioner and the incompetent's committee had neglected to give the Commissioner the notice provided by the section, it is conceivable that because of such

neglect the committee might receive the notice of deficiency too late to seek a redetermination by this Board within the time limited.

However, in our opinion there is no provision of the section in question which operates to invalidate any act of a fiduciary which he may lawfully perform. The execution of a waiver is an act which a fiduciary may lawfully perform.

The facts show that Darcy, with the knowledge and consent of the other executors, had charge of tax matters relating to the estate. Acting in that capacity and as executor he had executed for the decedent the return for the period January 1, 1924, to June 11, 1924, the period here in question. The fact that the petitioners were the duly appointed executors is alleged in the petition and stated in the stipulated facts. It also appears that the other executors had knowledge of the execution of the waiver by Darcy.

As a matter of law the lawful act of one executor is the lawful act of all the executors and binds the estate. *Bartlett et al., Exec.*, 16 B. T. A. 510, and the cases cited therein. In the *Bartlett* case we held that a waiver executed by one of two executors was valid. Moreover, the Commissioner accepted the waiver now in question and acted on it. As was said in *Liberty Baking Co.* v. *Heiner*, 37 Fed. (2d) 703, " it would be unconscionable to allow the taxpayer to afterwards repudiate a consent upon which the Commissioner has acted and relied."

For the foregoing reasons we are of the opinion that the waiver here in question is valid and binding on the decedent's estate. Since the waiver extended the time within which the assessment might be made to December 31, 1929, and the notice of deficiency was mailed to the petitioners before that date, the assessment of the deficiency is not barred by the statute of limitations.

*Judgment will be entered for the respondent.*