**HARROLD, Admr, Etc v
ROMICK, Admr, Etc**

Ohio Appeals, 3rd Dist, Hardin Co

No 261. Decided May 1, 1934

Henderson & Kaylor, Kenton, for plaintiffs in error.

Cessna & Cessna, Kenton, for defendant in error.

**OPINION**

By GUERNSEY, J.

Before the action was brought on the account, plaintiff presented her claim to Ida Henning as one of said administrators, who

allowed the same. Later, plaintiff presented the claim to Myrna Harrold the other administrator, who disallowed it. As the allowance of the claim by Ida Henning as such administrator was not concurred in by her co-administrator, such action of Ida Henning as such administrator was ineffective to allow the claim and the claim stood on the same legal basis as if it had been disallowed by both administrators.

Thereafter, plaintiff brought her action on said claim, and on the trial thereof the said Ida Henning was called as a witness and testified on behalf of the plaintiff. Plaintiff recovered a judgment in said case in the sum of eight hundred and sixty one dollars and twenty eight cents.

Myrna Harrold, as such administrator, filed her petition in error in this court to reverse said judgment, making the plaintiff and Ida Henning, her co-administrator, parties defendant.

Except for the contention of plaintiff in error that the verdict is against the weight of the evidence, the sole question raised in this proceeding is whether under the provisions of §11495, GC, an administrator of a decedent's estate who has approved the allowance of a claim against such estate, which was rejected by her co-administrator, is a competent witness on behalf of the plaintiff on the trial of an action brought by the claimant on such claim against the administrators of said estate.

The question as to whether such administrator is a competent witness, will be first considered.

The portions of said §11495, GC, which are relied on by the plaintiff in error as rendering her co-administrator incompetent as a witness, are as follows:

"A party shall not testify when the adverse party is the guardian or trustee of either a deaf and dumb or an insane person, or of a child of a deceased person, or is an executor or administrator, or claims or defends as heir, grantee, assignee, devised or legatee of a deceased person, * * * and when a case is plainly within the reason and spirit of the next three preceding sections though not within the strict letter, their principles shall be applied."

It will be noted that this section renders a party incompetent to testify, only when the adverse party comes within one of classes mentioned, including an executor or administrator, and does not in terms preclude an executor or administrator from testifying, and in the case of **Henry Doughman, Admr. v Daniel Doughman, 21 Oh St**

**at page 658,** it was held that §313 of the civil code, which was the section from which §11495 **GC** is derived, did not bar the administrator of an estate from testifying on his own behalf as administrator, to facts which occurred prior to the death of his intestate.

And as an administrator is not, by the express terms of the first subdivision of the section, made incompetent as a witness on behalf of the claimant as to facts which occurred prior to the death of her intestate, it necessarily follows that she is competent as such witness unless she is rendered incompetent by the general provision at the end of said section, reading as follows:

"And when a case is plainly within the reason and spirit of the next three preceding sections though not within their strict letter, their principles shall be applied."

Whether the administrator allowed or disallowed the claim on which the suit is brought, does not affect her competency as a witness, as by the allowance of a claim she does not change her status as a party representative of the estate, to a party adverse to the estate. It is the duty of an administrator to allow a claim against the estate of her intestate, upon proper presentation, the justice of which she has determined either from facts within her own knowledge, or otherwise brought to her attention, and her performance of this duty does not change her status in any respect.

Moreover, in the case at bar the allowance of the claim by the administrator witness was ineffective as an allowance because of the rejection of the claim by her co-administrator. So that even if it were held that an administrator, by the allowance of a claim, assumed an attitude adverse to her intestate's estate, such holding would not apply to the administrator witness in this case, as her allowance did not operate as an allowance of the claim or in any way change the status of the claim, and except insofar as her status as administrator may have precluded her from testifying as a witness on behalf of the plaintiff below, Ida Henning was a competent witness to the facts to which she testified.

The question therefore is narrowed down to the proposition as to whether a person who is otherwise competent as a witness and who happens to be the administrator of an estate against whom suit is brought on a claim against said estate, is plainly within the reason and spirit of §11495 GC, and thereby precluded from testifying on

behalf of the plaintiff in such action as to facts occurring prior to the death of her intestate.

The purpose of said section. insofar as a party in a case in which an executor or administrator of a deceased person is an adverse party is prohibited from testifying. is to place the estate of a decedent on an equality with the claimant against the estate in that as the lips of the decedent are silenced by death, the lips of the claimant are silenced by statute. It was not intended to and does not silence the lips of all witnesses as to facts.

Sec 10214 GC provides that the provisions of part third of the Code (which includes §11495 GC above mentioned) and all proceedings under it shall be **liberally construed, in order to promote the object, and assist the parties in obtaining justice.**

Justice has been defined as "The constant and perpetual disposition to render every man his due." The ascertainment of the facts upon which a claim is based is a necessary incident to the administration of justice, and anything that tends to prevent the ascertainment of the facts also tends to prevent the parties from obtaining justice.

It is not necessary to the promotion of the object of §11495 GC, that a construction be adopted that extends its disqualifying provisions to an administrator testifying on behalf of a plaintiff and such construction would tend to prevent instead of assist the parties in obtaining justice, and will therefore not be favored.

It will also be noted that under the general clause of §11495 GC, above referred to. a witness is rendered incompetent only when a case is **plainly** within the reason and spirit of the section so that if there is a doubt as to whether such witness is competent or incompetent, such doubt must be resolved in favor of the competency of the witness.

Taking into consideration the purpose and object of the section and the rules of construction mentioned, we are of the opinion that testimony of an administrator on behalf of a plaintiff claimant in an action brought by such claimant against the estate of the administrator's intestate, does not come within the letter, purpose, reason or spirit of the section mentioned and that such testimony is therefore competent.

We have examined the record in the case and are of opinion that the verdict is not against the weight of the evidence.

Holding these views, the judgment of the lower court is affirmed.

KLINGER, J, concurs.
CROW, PJ, dissents.

## DISSENTING OPINION

By CROW, PJ.

Though the opinion of the majority does not so state, I take it that if the witness Ida Henning was not competent to testify, the admission of her evidence would have constituted prejudicial error and required reversal of the judgment, because such testimony was material to the proof of the case of the plaintiff in that it was the only evidence tending to prove statements by the deceased in support of the contract sued on, the only other evidence tending to prove such contract, having been wholly circumstantial.

To a correct understanding of the case it is quite essential to set forth, which the majority opinion fails to do, that the witness Ida Henning, administratrix, was the mother of the plaintiff.

As such administratrix she was, when testifying, as stated in the majority opinion, a co-defendant of another administratrix which latter disallowed plaintiff's claim.

Thus a party a defendant, namely Ida Henning, also mother of plaintiff, testified adversely to another party; a defendant, namely another administratrix, the testimony so given, having been, as we have said, material to the establishment of plaintiff's cause of action.

If that situation lies within the strict letter of §11495; GC, nothing more need be said, and the judgment should be reversed. If it be not within the strict letter of that section, it is, in my opinion, plainly within the reason and spirit of it and the two preceding sections, and calls for the application of the principles of the three sections, as provided in the closing paragraph of §11495, GC.

When due regard is had to the evil sought to be prevented by the three sections mentioned, in such a case as the instant one, namely the restriction of testimony to the end that the estate of a deceased person, be protected against false claims, the evidence of Ida Henning while administratrix of the estate of her decedent in furtherance of the establishment of a claim against that estate, is forbidden either by the strict letter of the statutes or by their reason and spirit.

The case relied on by the majority, 21 Oh

St 658, is so meagerly reported, as to be of little if any value as a precedent, excepting it is quite clear that the parties as administrators respectively were adverse to each other, and that the administrator whom the court ruled could testify gave his testimony in behalf of his own decedent.