WILLIAM HOWARD DORISS, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 111730–111744, 111777, 111778, 111779. 111780.

Promulgated February 7, 1944.

---

[1] Proceedings of the following petitioners are consolidated herewith: Elta Davison Parker; Polly Louise Parker Clegg; Douglas B. Parker; Marion Parker Doriss; Helen Parker Schwarzwaelder; Julie Ann Parker; Barbara Kathryn Parker; Nancy Schwarzwaelder; Douglas Alden Parker; John Bernard Doriss; Roswell C. Parker; Louise Douglas Schwarzwaelder; Kaomeo Elson Parker; Jean Schwarzwaelder; Bradley Clinton Parker; Clinton Parker Doriss; Howard Doriss; and Karl Schwarzwaelder.

*James S. Y. Ivins, Esq.*, for the petitioners.
*James C. Maddox, Esq.*, for the respondent.

## OPINION.

KERN, *Judge*: Respondent's contentions in the instant case are that the estate tax return of the transferor estate was not "filed within the time prescribed by law or prescribed by the Commissioner in pursuance of law," and was not signed under oath by both executors as required by article 84, Regulations 80, and therefore no valid election was made by the executors to have the estate valued as of a date one year after decedent's death under the provisions of section 302 (j) of the Revenue Act of 1926, as added by section 202 (a) of the Revenue Act of 1935.[1] If respondent's contentions are correct the estate is to

---

[1] SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside the United States—

\* \* \* \* \* \* \*

(j) If the executor so elects upon his return (if filed within the time prescribed by law or prescribed by the Commissioner in pursuance of law), the value of the gross estate shall be determined by valuing all the property included therein on the date of the decedent's death as of the date one year after the decedent's death, except that (1) property included in the gross estate on the date of death and, within one year after the decedent's death, distributed by the executor (or, in the case of property included in the gross estate under subdivision (c), (d), or (f) of this section, distributed by the trustee under the instrument of transfer), or sold, exchanged, or otherwise disposed of, shall be included at its value as of the time of such distribution, sale, exchange, or other disposition, whichever first occurs, instead of its value as of the date one year after the decedent's death, and (2) any interest or estate which is affected by mere lapse of time shall be included at its value as of the time of death (instead of the later date) with adjustment for any difference in its value as of the later date not due to mere lapse of time. \* \* \*

be valued as of the date of the decedent's death, and there will be a deficiency in estate taxes due from the transferor estate for which petitioners, as transferees, will be liable.

Petitioners contend that the estate tax return was timely filed and the election validly exercised to have the estate valued as of the date one year after the decedent's death, and rely particularly upon the last two sentences in article 63 of Regulations 80.[2]

In the alternative petitioners contend that the conduct of the Commissioner after the filing of the return amounted to and should be considered as a retrospective extension of time to file, that the Commissioner waived the tardiness (if any) of the return, and that the Commissioner, by his conduct, is estopped from questioning the timeliness of the return.

The respondent contends with regard to the provisions of article 63, Regulations 80, relied upon by petitioners, that they have to do only with the question of whether a penalty for delinquent filing will be imposed under certain circumstances, and are not controlling when the question is whether a return is timely filed. However, the inference is clear that the penalty would not attach under the circumstances set out in the regulation because there is no delinquency in filing when "the return is made and placed in the mails in due course, properly addressed, and postage paid, in ample time to reach the office of the collector on or before the due date." The regulation does not say that the penalty will be waived. but that "no penalty will attach." Any doubt concerning the construction of this regulation is resolved by the clarifying changes made therein by Regulations 105, section

---

[2] ART. 63. *When return required—Date of filing.—*  * * * The duty to file a return depends upon the value of the gross estate on the date of the decedent's death, regardless of any valuation as of a subsequent time that the executor may use by virtue of his election under subdivision (j) of section 302, as added by section 202 of the Revenue Act of 1935, since such election may be made only upon the return. In the case of a resident, the return must be filed with the collector in whose district the decedent had his domicile at the time of death. In the case of a nonresident citizen, it must be filed with the collector in whose district the gross estate in the United States was situated; or, if the gross estate in the United States was situated in more than one district, or, if no part of the gross estate was situated in the United States, it must be filed with the collector for the second district of New York, or with such collector as the Commissioner may designate. The return on Form 706 must be filed in duplicate within 15 months after the date of death, if the decedent died on or after August 31, 1935, and within 1 year after the date of death, if the decedent died before August 31, 1935. If the return is due 15 months after the decedent's death, the due date is the day of the fifteenth calendar month after his death numerically corresponding to the day of the calendar month in which death occurred, except that, if there is no numerically corresponding day in such fifteenth month, the last day of such fifteenth month is the due date. For example, if the decedent died on August 31, 1937, the due date is November 30, 1938. If the due date for filing the return falls on a Sunday or on a legal holiday, the due date for filing will be the day following such Sunday or legal holiday. If placed in the mails the return should be posted in ample time to reach the collector's office, under ordinary handling of the mails, on or before the date on which the return is required to be filed. If a return is made and placed in the mails in due course, properly addressed, and postage paid, in ample time to reach the office of the collector on or before the due date, no penalty will attach should the return not be actually received by such officer until subsequent to that date.

81.63, wherein it is said that "If a return is made and placed in the mails in due course, properly addressed, and postage paid, in ample time to reach the office of the collector on or before the due date, *the filing will not be regarded as delinquent* should the return not be actually received by such officer until subsequent to that date." (Italics supplied.) Thus we have the Commissioner by his regulations stating that under the circumstances set forth in the pertinent article the return is not to be regarded as delinquent, or, stated affirmatively, that the return will be regarded as timely.

The regulations of the Commissioner are particularly important in this case because the revenue acts do not themselves carry specific requirements with regard to the filing of estate tax returns, but merely provide that "the executor shall * * *, *at such times and in such manner as may be required by regulations made pursuant to law*, file with the collector a return under oath * * *." (Italics supplied.) See sec. 304 (a), Revenue Act of 1926. Thus the time and manner of the filing of estate tax returns are to be fixed by government regulation and not by specific statutory provisions. Therefore cases such as *Appeal of Sam Satovsky*, 1 B. T. A. 22, are not controlling.

The regulation in question does not elaborate upon the simple requirement that the return should be "filed with the collector." Certainly a manual delivery by the taxpayer to the collector is not necessary because the regulation which prescribes the manner of filing under the statute recognizes that the return may be filed by mail. A similar regulation applies to the filing of income tax returns. See Regulations 101, art. 53–4; Regulations 111, sec. 29.53–4. When the filing of the return is done by mail, the regulation requires that the return be mailed "in ample time to reach the office of the collector on or before the due date" of the return. No reference is made in the regulations to the office hours of the collector. If, the Commissioner had deemed it important or desirable that returns filed by mail should reach the office of the collector during certain business hours of the due date he could have easily so provided See Rules 9 and 1, Rules of Practice before the Tax Court of the United States. His reason for not considering this requirement advisable is apparent. Office hours in general are variable, subject to change, and not universally known. In the operation of the offices of collectors a certain elasticity in hours is imperative. For example, the record shows and it is commonly known that the offices of collectors are open until midnight on March 15 for the purpose of receiving tax returns filed by mail. On the other hand, a "due date" is a calendar day always embracing twenty-four hours and always ending at midnight.

The crucial question in the instant case is whether the return may be considered as having been mailed in ample time to reach the office

of the collector on April 14. The record shows that the collector's office was located in the same public building which housed the post office department. The collector rented a post office box in that building. The understanding and practice was that the collector's mail (except special delivery mail) was not to be delivered by the post office to the collector's office room, but was to be placed in that box or in an adjacent hamper or truck provided by the collector, and would be called for by him at such times as he might find convenient, whether at 2:30 o'clock in the afternoon or at midnight. Thus, when the return in question had reached the collector's post office box, it had gone as far on its way to the collector as the post office department would take it. Thereafter it was subject to the control of the collector and available to him at any time. Under the circumstances shown here, we conclude that the return was mailed in ample time to reach the office of the collector on the due date, and did reach the office of the collector on that date and was therefore timely filed within the meaning of the controlling regulation.

We, therefore, come to respondent's contention that the return filed April 14 by the transferor estate was not a return within the meaning of the statute because it was signed under oath by only one of the two executors of the estate, and therefore does not comply with the provisions of article 64, Regulations 80, which says: "If there is more than one executor or administrator the return must be made jointly by all." No case has been cited to us, nor has any come to our attention, wherein this sentence in respondent's regulation has been construed by the courts.

The statute, which we have already quoted, merely provides that "the executor shall * * * file * * * a return under oath. * * *"

The statute, in referring here and elsewhere to "the executor" in the singular, merely recognized the unity in law of the executorship, regardless of how many individual coexecutors there may be. This unity is a principle embedded in our jurisprudence. As it is stated in 21 American Jurisprudence, Executors and Administrators, sec. 751: "The general rule is that several co-administrators or co-executors are, in law, only one person representing the testator, and acts done by one in reference to the administration of the testator's goods are deemed the acts of all, inasmuch as they have a joint and entire authority over the whole property belonging to the estate." This principle is recognized in New York. See *In re Henbach's Will*, 300 N. Y. Supp. 810, wherein it is stated: "[Coexecutors] constitute an entity, and are regarded in law as an individual person. Consequently, the acts of any one of them, in respect to the administration of estates (under their charge) are deemed to be the acts of all for they have all a joint and entire authority over the whole property."

These authorities indicate that one corollary of the principle of the unity of the executorship is that one coexecutor is authorized to act in all usual matters of administration on behalf of all the coexecutors jointly. His act is equivalent to the joint act of all. *In re Appel*, 192 N. Y. Supp. 136; *In re Junkerfield's Estate*, 269 N. Y. Supp. 514; *Irwin* v. *Larson*, 94 Fed. (2d) 187.

It should be pointed out that the regulation in question provides that "the return *must be made* by all jointly" (emphasis supplied), and that there is no requirement that the return be signed under oath by each of the individual coexecutors. The purpose of this regulation would seem to be to prevent the filing of a separate return by each coexecutor and to provide for the filing of only one return by all, thus recognizing, as the statute does, the unity of the executorship.

Pursuant to the authorities above cited, we conclude that an estate tax return made in the name and on behalf of two coexecutors, and signed by one coexecutor is a "return made jointly" within the meaning of the regulation.

Even if we are in error in this interpretation of the regulation, we would be unable to conclude that the return in question filed in the name of both executors, and never denied validity on the ground of signature by the Commissioner until some five years later, was not a return within the meaning of the statute. The situation under such an interpretation of the regulation seems similar to the ordinary procedural requirement that in suits at law all the coexecutors should join as plaintiffs or be joined as defendants. Where this is not done, the remedy is by plea in abatement, and if no such plea is filed the defect is deemed to be waived. *Irwin* v. *Larson, supra.*

One reason why we are persuaded that our construction of the regulation is correct is that if it were construed otherwise a serious question would arise as to its validity.

In *Baldwin* v. *Commissioner*, 94 Fed. (2d) 355, the Circuit Court of Appeals considered the validity of a rule of the United States Board of Tax Appeals which, although later changed, at that time prescribed that "A majority of the fiduciaries shall either sign or verify the petition * * *." In that case only one of two executors had verified the petition and we accordingly dismissed it. The Circuit Court in reversing said:

By the provisions of 26 U. S. C. A. § 422 "the executor" is charged with the payment of the tax. And he is liable therefor both personally, and in his representative capacity. 26 U. S. C. A. § 425; and see 31 U. S. C. A. § 192. It will be noted that these statutes imposing liability employ, as does the statute providing for redetermination by the Board of a claimed deficiency, the term "the executor." This term should be given the same meaning in both connections. If each of several executors is severally liable as "the executor", then each should be allowed to file a petition as "the executor." * * *

However, it would seem that the reasoning of the Circuit Court would be equally applicable to the instant case, where one of the two executors has filed a return on behalf of the estate which the statute has required of "the executor." Upon the same reasoning it might successfully be argued that the sentence of the regulation in question here as applied to the facts of the instant case is invalid and not controlling.

For the reasons given above we conclude that a valid election was made by the executor of decedent's estate to have the estate valued as of a date one year after decedent's death.

Reviewed by the Court.

*Decision will be entered under Rule 50.*