ROGER L. EWART, FIDUCIARY, AND TRANSFEREE OF THE ASSETS
OF THE ESTATE OF BLANCHE L. EWART, DECEASED,
TRANSFEROR, PETITIONER *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 27544–83.     Filed October 8, 1985.

*Gerald B. Graham,* for the petitioner.
*James V. Moroney,* for the respondent.

### OPINION

HAMBLEN, *Judge*: This case is before the Court on the parties' cross motions for summary judgment pursuant to Rule 121.[1]

Respondent issued a notice of deficiency (liability) addressed to petitioner as fiduciary and transferee of the Estate of Blanche L. Ewart on June 24, 1983. In the notice of deficiency (liability), respondent determined that petitioner was liable for a deficiency of $14,637.55 and an addition to the tax under sections 6651(a)(3) of $3,659.39.

Respondent filed his motion for summary judgment on September 24, 1984. In his motion, respondent claims that

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the taxable years in issue.

there is no genuine issue of material fact relating to petitioner's liability as a transferee and that respondent is entitled to judgment as a matter of law.[2] Petitioner filed his motion on November 8, 1984. In his motion, petitioner claims that there is no genuine issue of material fact relating to the binding effect of a waiver executed by his coexecutor and consequently that he is entitled to judgment as a matter of law as to his liability as a fiduciary and transferee.

A hearing was held on the parties' motions at Cleveland, Ohio, on December 10, 1984. Counsel for both parties appeared and presented argument. At the conclusion of the hearing, both motions were taken under advisement.

Blanche L. Ewart died on April 30, 1978, and her will was admitted to probate in Summit County, Ohio, on May 9, 1978. Petitioner and his brother, John L. Ewart (John), were coexecutors of the Estate of Blanche L. Ewart. Beryl H. Haught, Jr. (Haught), was the attorney representing the estate.

Petitioner and John were the sole beneficiaries under the Will of Blanche L. Ewart. Petitioner received, in part, a specifically described parcel of real estate. John received the remainder of the real estate. On the inventory and appraisal filed with the Probate Court on January 30, 1979, the real estate received by petitioner was valued at $60,000, and the real estate received by John was valued at $165,000. The inventory and appraisal was signed by John, alone. Petitioner filed an objection to the inventory and appraisal on February 8, 1979, but withdrew this objection. An order approving the inventory was entered on February 19, 1979.

In February of 1979, petitioner and John executed an agreement relating to the distribution of the estate. This agreement provided, in pertinent part:

WHEREAS various differences have arisen between the said parties as to the valuation of the assets in said estate, * * *

\*　　\*　　\*　　\*　　\*　　\*　　\*

3. If at any time in the future the Blanche L. Ewart estate is re-appraised to include the buildings or raise the valuation of the 86 acres willed to John

---

[2]Respondent does not assert that he is entitled to summary judgment on the basis of petitioner's fiduciary status.

L. Ewart, he must pay this increase in taxes, interest or penalties when due on this re-appraisal.

4. If at any time in the future the Blanche L. Ewart estate is re-appraised to raise the valuation of the 30 acres willed to Roger L. Ewart, he must pay this increase in taxes, interest or penalties when due on this re-appraisal.

On February 20, 1979, petitioner and John simultaneously received the real estate devised to them under the will. This transfer was without consideration.[3] After the transfer, the estate was insolvent. All of the assets of the estate had been distributed prior to December 31, 1979. John sold the real estate transferred to him 6 months after the distribution and received net proceeds of $212,000. At the time of the commencement of this proceeding, John had filed a petition in bankruptcy.

A Form 706, U.S. Estate Tax Return, was filed for the estate on January 29, 1979. The Federal estate tax return listed petitioner and John as "Deceased's personal representative or persons in possession of property." The value of the real estate transferred to John was listed on the return at the value stated on the inventory and appraisal. The Federal estate tax return was signed by John, as personal representative or person in possession of property, and by Haught, as the return preparer. Haught was also given authorization to receive confidential information relating to the return. Petitioner did not sign the return.

In addition to the Federal estate tax return, a Form 1041, U.S. Fiduciary Income Tax Return, was filed for the estate. The return was signed by John, as fiduciary. Petitioner did not sign the return.

The Internal Revenue Service audited the Federal estate tax return and, in the course of the audit, increased the value of the property devised to John. The increased amount was identical to the difference between the value of the real estate received by John as reported on the Federal estate tax return and the net proceeds which John received on the sale of this property. On January 26, 1980, a Form 890, Waiver of

---

[3]The fiduciary's account filed on August 7, 1979, shows "real property transferred" in the amount of $225,000. There is no corresponding entry under receipts showing that consideration was received for this transfer. We do note that the final fiduciary's account filed on May 27, 1980, did show a receipt in the amount of $31,367.28 designated as "Money advanced by heirs to pay the estate debts & taxes."

Restrictions on Assessment and Collection of Deficiency and Acceptance of Overassessment—Estate and Gift Tax, was signed by John and Haught as executors or administrators of the Estate of Blanche L. Ewart. Petitioner did not sign the waiver.

A decision will be rendered on a motion for summary judgment if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b). The burden of proving that there is no genuine issue of material fact is on the moving party. See *Adickes v. Kress & Co.*, 398 U.S. 144, 157 (1970)[4]; *Graf v. Commissioner*, 80 T.C. 944, 946 (1983); *Espinoza v. Commissioner*, 78 T.C. 412, 416 (1982). The opposing party is to be afforded the benefit of all reasonable doubt, and any inference to be drawn from the underlying facts contained in the record must be viewed in a light most favorable to the party opposing the motion for summary judgment. *Espinoza v. Commissioner, supra* at 416. Where both parties submit motions for summary judgment, each motion must be examined to determine if the moving party has established that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. *Take v. Commissioner*, 82 T.C. 630, 633 (1984).

A fact is material if it "tends to resolve any of the issues which have been properly raised by the parties." C. Wright, A. Miller & M. Kane, 10A Federal Practice and Procedure: Civil, sec. 2725 (2d ed. 1983). Our rules require that the petition contain clear and concise assignments of each error which petitioner alleges to have been committed by respondent. Rule 34(b)(4); *Jarvis v. Commissioner*, 78 T.C. 646, 658 (1982). Any issue not raised in the assignments of error shall be deemed conceded. Rule 34(b)(4); *Jarvis v. Commissioner, supra* at 658. Further issues may be raised by respondent in his answer. Rule 36(b). Our rules also provide that any issue tried by the

---

[4]Summary judgment under Rule 121 is derived from rule 56, Fed. R. Civ. P. Hence, in any question turning on the interpretation of Rule 121, the history of rule 56, Fed. R. Civ. P., and the authorities interpreting such rule are considered by the Tax Court. See *Hoeme v. Commissioner*, 63 T.C. 18, 21 (1974); *Shiosaki v. Commissioner*, 61 T.C. 861, 862 (1974).

express or implied consent of the parties shall be treated as if it were raised in the pleadings. Rule 41(b)(1).

Here, the petition does not clearly articulate what errors petitioner alleges were committed by respondent. However, an examination of the petition in light of petitioner's subsequent motion for summary judgment and other materials in the record indicates that petitioner's assignment of error is predicated on his argument that the Form 890 signed by John and Haught was not binding on the estate as one coexecutor cannot confess judgment against the estate without notice to or knowledge of the other coexecutor.[5] On this basis, petitioner argues that he is entitled to judgment as a matter of law as to both his liability as a fiduciary and as a transferee. Respondent argues that John and Haught's execution of the Form 890 was binding on the estate and that there is no genuine issue of material fact as to petitioner's liability as a transferee.

## Binding effect of the Form 890

Both petitioner and respondent have raised an issue in relation to the binding effect of the Form 890 executed by John and Haught pursuant to the provisions of section 6213(d). Petitioner claims that the execution of the Form 890 was not binding on the estate. Respondent asserts that the execution of the Form 890 was binding on the estate. To the extent that this issue is relevant to a determination of petitioner's liability, we must agree with respondent.

Initially, petitioner argues that under the law of the State of Ohio, both coexecutors must act in order to bind the estate to a waiver of restrictions on assessment and collection under section 6213(d).[6] "Executor" as used in title 26, Internal Revenue Code, in connection with the Federal estate tax

---

[5]Petitioner misconstrues the effect of the execution of the Form 890. Execution of a Form 890 prior to the receipt of a notice of deficiency merely precludes the Tax Court as a forum for litigating the deficiency. Sec. 6213(a). The taxpayer may pursue a refund action pursuant to sec. 7422.

[6]Petitioner's position is based on the authority of one coexecutor to act under Ohio law. Petitioner concludes that one coexecutor may not sign a Form 890 without the concurrence of other coexecutors, citing *Harrold v. Romick*, 17 Ohio L. Abs. 467 (Hardin County App. 1934). That case is distinguishable from the situation here. In *Harrold v. Romick, supra*, one coexecutor allowed a claim and the other disallowed the same claim. Petitioner presents no authority for the proposition that one executor cannot bind his coexecutors in the absence of conflicting actions by the coexecutors. The supreme court of the State of Ohio has clearly adopted the position that one executor can bind the estate without the concurrence of his coexecutors. *Rammelsberg v. Mitchell and Lape*, 29 Ohio St. 22, 50 (1875).

imposed by chapter 11, is a Federal law concept. Sec. 2203; *DeNiro v. United States*, 561 F.2d 653, 657 (6th Cir. 1977). For purposes of title 26, in connection with the taxes imposed by chapter 11, Estate Tax, executor is defined as:

the executor or administrator of the decedent, or, if there is no executor or administrator appointed, qualified, and acting within the United States, then any person in actual or constructive possession of any property of the decedent. [Sec. 2203.][7]

The Federal tax laws impose duties and responsibilities on those persons who are executors within the statutory definition of section 2203. The specific responsibilities enumerated in connection with the Federal estate tax include filing a Federal estate tax return for the decedent's estate under section 6018(a) and paying the Federal estate tax under section 2002. In addition the executor, in connection with the Federal estate tax, may waive the restrictions on assessment and collection of the tax under section 6213(d).

The Federal tax laws do not affirmatively require that more than one person who is defined as an executor perform any acts in connection with the Federal estate tax liability. Although there is no statutory or judicial interpretation of section 2203 which would clarify whether all coexecutors must perform all acts jointly where more than one executor is appointed,[8] cases interpreting the provisions for waiver of the statute of limitations on assessment and collection of Federal income taxes attributable to the decedent clearly permit one coexecutor to act irrespective of State law requirements. *Darcy v. Commissioner*, 26 B.T.A. 841, 849 (1932), affd. on another issue 66 F.2d 581 (2d Cir. 1933); *Bartlett v. Commissioner*, 16 B.T.A. 510, 513 (1929). We can determine no reason to apply a different rule when one coexecutor acts in connection with the provisions of the Federal estate tax law. Consequently, we find that one coexecutor may bind the estate through the execution of a waiver of restrictions on assessment and collection under

---

[7]We have discussed the limitations on the use of the definition of executor found in sec. 2203 outside the Federal estate tax area in *Occidental Life Insurance Co. of California v. Commissioner*, 50 T.C. 726 (1968).

[8]Sec. 20.6018–2, Estate Tax Regs., requires that a return be made "jointly" by all if there is more than one executor. However, we have explained that the purpose of this regulation is to prevent the filing of more than one tax return and not to require that all coexecutors sign the Federal estate tax return. *Doriss v. Commissioner*, 3 T.C. 219, 230 (1944).

section 6213(d).[9]

Petitioner's second and final argument is that irrespective of the power of one coexecutor generally to bind the estate on execution of a waiver of the restrictions on assessment and collection under section 6213(d), this rule is inapplicable, here, because respondent was notified of petitioner's fiduciary relationship. Apparently petitioner is arguing that there was notice under section 6903. Petitioner contends that the information on the Forms 706 and 1041 filed by the estate was sufficient to notify respondent that petitioner was a fiduciary acting for the estate. We do not agree.

The Form 706 listed petitioner as a "personal representative *or* [a person] in possession of property." (Emphasis added.) Petitioner was not named on the Form 1041. Petitioner neither signed the Form 706 nor did he sign the Form 1041 submitted to respondent. Clearly, in this circumstance it would be impossible for respondent to determine whether petitioner was a fiduciary under section 6903.[10] Consequently, we find that petitioner has not provided notice of his fiduciary relationship under section 6903.[11]

Respondent has submitted a copy of the Form 890 with his motion. There is nothing in the record which raises an inference that the Form 890 was not effective to waive the restrictions under section 6213(d) other than the arguments raised by petitioner which we have rejected. Consequently, we find that there is no genuine issue of material fact as to the binding nature of the Form 890.

*Petitioner's status as a transferee*

Respondent claims that petitioner meets all the requisite elements of a transferee under section 6901(a)(1)(A)(ii).[12] It is

---

[9]Our conclusion is further supported by sec. 6903 which permits one fiduciary to act alone where notice is given to the Secretary. Clearly, this provision does not contemplate that State law will control the ability of fiduciaries to act on behalf of the taxpayer.

[10]See note 7 *supra*. A fiduciary for purposes of sec. 6903 would not necessarily include a statutory executor under sec. 2203.

[11]We decline to consider whether under other circumstances the filing of a Federal estate tax return is sufficient notice under sec. 6903. See *Estate of McElroy v. Commissioner*, 82 T.C. 509, 512–513 (1984).

[12]In his answer, respondent raised an issue as to petitioner's status as a transferee under sec. 6324(a)(2). Respondent does not specifically address petitioner's liability under this provision in his motion. We note that it is unlikely in this instance that sec. 6324(a)(2) would apply to petitioner as the property which he received was apparently included in the decedent's gross estate under sec. 2033 and not under secs. 2034 to 2042. *Groetzinger v. Commissioner*, 69 T.C. 309, 316 (1977).

well established that the provisions of section 6901 do not create transferee liability but merely provide a procedural mechanism for the Commissioner to pursue the Government's claim against a transferee. *Commissioner v. Stern*, 357 U.S. 39, 42 (1958). The Government's rights as a creditor against the transferee must be determined under the applicable State law. *Commissioner v. Stern, supra* at 45. Here, the applicable State law is that of Ohio.

Ohio law provides that any conveyance made by a person who is or will thereby be rendered insolvent is fraudulent as to creditors irrespective of actual intent if the conveyance is made without fair consideration. Ohio Rev. Code Ann. sec. 1336.04 (Page 1979). A person is insolvent when the present fair salable value of his assets is less than the amount that is required to pay the probable liability on existing debts as they become absolute and matured. Ohio Rev. Code Ann. sec. 1336.02 (Page 1979). Where there is a fraudulent conveyance within the meaning of the act, a creditor may generally attach or levy execution on the property conveyed. Ohio Rev. Code Ann. sec. 1336.09 (Page 1979).

Here, all of the requisite elements to proceed against petitioner as a transferee of a fraudulent conveyance under Ohio law are present. Petitioner does not dispute the amount of additional Federal estate tax liability, or the addition to tax,[13] or that these amounts have not been paid. Petitioner concedes that the distribution on February 20, 1979, rendered the estate insolvent. Petitioner and John did not pay any consideration for the transfers. Consequently, the transfers to petitioner and John were fraudulent conveyances within the definition of Ohio Rev. Code Ann. sec. 1336.04 (Page 1979), and petitioner is liable as a transferee under section 6901.

Petitioner concedes that the fair market value of the property at the date of distribution was $60,000. As the fair market value of the property received by petitioner is in excess of the unpaid tax liability of the estate, petitioner is liable for

---

[13]Even had petitioner not conceded the amount of the deficiency and the addition to tax in his petition, we would have granted summary judgment to respondent on this issue. Petitioner has presented no facts which would controvert respondent's determination. In such circumstances, summary judgment for respondent is appropriate. *Abramo v. Commissioner*, 78 T.C. 154, 163–164 (1982).

the full Federal liability of the estate, including interest.[14] *Lowy v. Commissioner*, 35 T.C. 393, 396–397 (1960).

On the basis of this record, we must grant respondent's motion for summary judgment.

We recognize that the result we reach here may appear harsh as to petitioner, although clearly mandated by statute. While we sympathize with petitioner, the record indicates that he was aware of problems in the administration of the estate and that he may have relied on the agreement with his brother John to his disadvantage. Hopefully, however, John's bankruptcy proceedings will not preclude petitioner's claim for reimbursement from John in keeping with their contract.

To reflect the foregoing,

*Decision will be entered for the respondent.*

---

[14]Respondent concedes that no interest is currently due on the addition to tax under sec. 6651(a)(3).